FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB 22 PM 2:45
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| WILHY HARPO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 111-189 |
| ) | |
| RONALD STRENGTH, CHARLES A. ) | |
| TOOLE, SR., WILLIAM E. JOHNSON, ) | |
| CHESTER V. HUFFMAN, RACHEL ) | |
| HARDIN, JOHN DOES # 1-2, two unknown ) | |
| Sheriff Deputies, CAROLINE LEE, ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| INC., ELAINE C. JOHNSON, LUANN ) | |
| STAULCUP, JOHN or JANE DOE # 3, an ) | |
| unknown deputy state court clerk of ) | |
| Richmond County, ELOISE PORTER, ) | |
| HAROLD V. JONES, and KELLI ) | |
| KENNER, in their official and personal ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Wilhy Harpo filed the above-captioned *pro se* complaint on November 21, 2011, asserting claims under 42 U.S.C. § 1983. (Doc. no. 1.) However, when he submitted his complaint, Plaintiff did not pay the $350.00 filing fee or submit a motion requesting permission to proceed *in forma pauperis* ("IFP"). On the same day, the Clerk of Court mailed Plaintiff a deficiency notice, warning him to submit the filing fee or motion to proceed IFP within twenty-one (21) days and warning him that failure to comply may result in the dismissal of his case. (Doc. no. 2.) The deficiency notice, along with the required IFP forms and a Rule 26 Instruction Order mailed along with it, were been returned as undeliverable. (See doc. nos.

2, 3, and docket entry for Dec. 28, 2011.) Nevertheless, Plaintiff then submitted an untimely motion to proceed IFP, notifying the Court of a new address where he could be reached. (Doc. nos. 4, 5, 6.)

In an Order dated January 13, 2012, the Court granted Plaintiff's IFP motion and cautioned him that while his action is pending, he must immediately inform the Court of any change of address. (Doc. no. 7.) This Order was returned as undeliverable on January 24, 2012 for the reason "no such number." (Doc. no. 8.) The Court is aware that Plaintiff called the Court's Office of the Clerk to correct the street address he had provided, and the Clerk resent the January 13th Order to the "corrected" address. However, on February 10, 2012, the Order was again returned as undeliverable, this time for the reason "not deliverable as addressed – unable to forward." (Doc. no. 9.)

To date, Plaintiff has not provided the Court with an address where he can reached, as all of the documents the Court has sent to Plaintiff's various addresses have been returned as undeliverable. Notably, Plaintiff is apparently no longer at the last address he provided to the Court, and he has failed to notify the Court of a change of address. Loc. R. 11.1 provides that any attorney and *pro se* litigant has a continuing obligation to notify the Court of any change of address. Plaintiff's failure to provide the Court with an address where he can be reached not only violates the Court's Local Rules, but it also has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes

the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also to an abandonment of his case.[2] This is precisely the type of neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not feasible in this case because Plaintiff has been granted permission to proceed IFP.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Plaintiff is not new to this Court or to its Local Rules. Plaintiff identifies himself as the former Willie Wesley Brown, who has recently brought a case in this Court. See Brown v. Sheriff of Richmond County, No. 109-144 (S.D. Ga. Nov. 20, 2009).

3

adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 11.1 and 41.1(c), that this case be **DISMISSED** without prejudice because Plaintiff failed to notify the Court of a change of address, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).